IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMONA BUSTAMANTE (AVITIA),
Individually and as Personal Representative
of the Estate of LUIS ABITIA a/k/a AVITIA,

      Plaintiff,

vs.                                                                        Civ. No.  08-315 JP/WPL

BOARD OF COUNTY COMMISSIONERS OF
SAN MIGUEL COUNTY, JOHN DOES I thru V,
and JANE DOES I thru V,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On February 9, 2010, Plaintiff filed a Motion to Enter Judgment on Orders (Doc. No. 85).

Having considered the briefs and relevant law, the Court will deny the Motion to Enter Judgment

on Orders and order the Plaintiff to pay Defendant Board of County Commissioners of San

Miguel County (the Board) attorney's fees in the amount of $2,002.00 and taxed costs in the

amount of $1,477.70 by April 2, 2010.

*A.  Background*

On October 2, 2009, the Court entered a Judgment in favor of Defendants and against

Plaintiff.  Judgment (Doc. No. 72).  On December 16, 2009, the Court awarded the Board

attorney's fees in the amount of $2,002.00.  Order (Doc. No. 83).  Then, on December 23, 2009,

the Clerk of the Court entered a Clerk's Order Settling Costs (Doc. No. 84) in which costs in the

amount of $1,477.70 were taxed against Plaintiff and in favor of the Board. Although the

Board's counsel, Michael Dickman, has twice requested payment of the attorney's fees and

taxed costs, Plaintiff has not paid the Board those fees and costs.

Plaintiff now requests that the Court enter a Fed. R. Civ. P. 58(a) judgment on the awards of attorney's fees and taxed costs.  The Board opposes this request because it would force the Board to spend additional time and resources to collect on the judgment.  The Board argues that the appropriate procedure to collect payment on the attorney's fees and taxed costs would be for the Court to order Plaintiff to pay those fees and costs by a date certain.

B.  *Discussion*

1.  *Attorney's Fees*

Although Plaintiff seeks an entry of a judgment based on the award of attorney's fees, Plaintiff seemingly admits that Rule 58(a)(3) does not require the entry of a judgment on an award of attorney's fees.  Rule 58(a)(3) expressly provides that "a separate [judgment] is <u>not</u> required for an order disposing of a motion: ... for attorney's fees under Rule 54...."  Emphasis added.  Moreover, a "judgment" ends litigation on the merits and does not apply to collateral matters.  *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993).  The United States Supreme Court in *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 452 n.14 (1982) observed that "[i]f a merits judgment is final and appealable prior to the entry of a fee award, then the remaining fee issue must be 'collateral' to the decision on the merits."  That is the situation here.  As a collateral matter, the award of attorney's fees to the Board simply does not provide a basis for an entry of a "judgment" under Rule 58(a).

2.  *Taxation of Costs*

Plaintiff argues that it is the practice of the judges of the District of New Mexico to enter judgments on awards of taxed costs.  To demonstrate this "practice," the Plaintiff cites to only one case, *Titus v. Ahlm*, Civ. No. 06-725 PJK/RHS.  In that case, the defendants moved the Court to enter a judgment on a cost bill.  Defendants' Motion for Judgment on Cost Bill (Doc. No. 63),

filed March 20, 2009.  The Honorable United States Tenth Circuit Court of Appeals Judge Paul

J. Kelly, Jr. granted the motion, not on its merits, but on the fact that the plaintiff did not respond

to the motion and therefore, under D.N.M. LR-Cv 7.1(b), plaintiff was deemed to have

consented to the motion.[1]  Judgment on the Cost Bill (Doc. No. 65), filed April 17, 2009.  *Titus*

is hardly persuasive authority for the proposition that District of New Mexico judges engage in a

"practice" of entering Rule 58(a) judgments on awards of taxed costs.

Furthermore, Rule 58(e) states that "[o]rdinarily, the entry of judgment may not be

delayed, nor the time for appeal extended, in order to tax costs...."  This provision "recognizes

that the entry of judgment and the taxation of costs are entirely separate legal acts...."  Wright,

Miller & Kane, *Federal Practice and Procedure: Civil 2d* §271 at 13 (1995).  The Tenth Circuit

has, in fact, held that "a cost award does not constitute litigation on the merits."  *Collard*, 10

F.3d at 719.  Consequently, taxed costs, like those awarded to the Board, are a collateral matter

and do not provide a basis for a "judgment" subject to entry by the Court under Rule 58(a).

C.  Conclusion

Plaintiff's Motion to Enter Judgment on Orders should be denied as to both the award of

attorney's fees and the award of taxed costs.  However, it is appropriate for the Court to order

Plaintiff to pay those awards by a date certain.  Hence, the Court will order Plaintiff to pay the

Board $2,002.00 in attorney's fees and $1,477.70 in taxed costs by April 2, 2010.

---

[1]Local Rule 7.1(b) states that "[t]he failure of a party to file and serve a response in
opposition to a motion within the time prescribed for doing so constitutes consent to grant the
motion."

IT IS ORDERED that:

1. Plaintiff's Motion to Enter Judgment on Orders (Doc. No. 85) is denied; and

2.  By April 2, 2010, the Plaintiff must pay the Board attorney's fees in the amount of

$2,002.00 and taxed costs in the amount of $1,477.70.

_____

SENIOR UNITED STATES DISTRICT JUDGE